STATE OF NORTH CAROLINA v. DANIEL JAMES HAMILTON

No. 7718SC1019

(Filed 6 June 1978)

1. **Courts § 15; Infants § 16— juvenile over 14 charged with felony—probable cause—cause for transfer**

   Where a juvenile over age 14 is charged with a felony, under G.S. 7A-280 the district court may conduct one hearing to determine probable cause and a separate evidentiary hearing upon the cause for transfer to the superior court, or the district court may conduct one evidentiary hearing to determine both probable cause and the cause for transfer to the superior court.

2. **Courts § 15; Infants § 20— juvenile hearing—probable cause—transfer to superior court—no overruling of one judge by another**

   Even if a district court judge's finding in a temporary custody order entered in a juvenile proceeding on June 3 that "there is probable cause for a hearing" constituted a finding of probable cause under G.S. 7A-280, the district court judge did not make a decision on June 29 to try defendant as a juvenile when he heard defendant's motion to dismiss and to recuse and ordered that the case be heard before another district court judge, and the second judge thus did not overrule the first when he conducted an evidentiary hearing on July 13 and ordered the case transferred to superior court for trial as in the case of an adult.

APPEAL by State of North Carolina from *Albright, Judge.* Judgment entered 15 September 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 5 April 1978.

On 30 May 1977 a Greensboro Police Officer filed a juvenile petition alleging that defendant, age 15, was delinquent in that on 29 May 1977 he assaulted a girl under 12 years of age, with intent to rape.

On 3 June 1977 the Public Defender was appointed counsel for defendant. On the same date after detention hearing District Judge Gentry found "probable cause for a hearing" and ordered defendant in temporary custody pending "the Hearing on the Merits scheduled for June 21, 1977, . . . ."

Hearing was postponed until 29 June 1977, when defendant filed a motion alleging that Judge Gentry in Juvenile Court had previously found defendant to be delinquent, and that the petitions and orders adjudicating delinquency, pursuant to the established policy of the Superior Court of Guilford County, were

included in the pending file, which was in violation of due process. Defendant moved that pending charge be dismissed or, in the alternative, that Judge Gentry disqualify himself from hearing the pending case and transfer the case for hearing before a judge outside the Eighteenth Judicial District.

Judge Gentry then proceeded to hear the matters raised by defendant's motion. He found the established policy of the court in violation of due process, and, thereupon, disqualified himself, denied the motion to transfer the cause to another Judicial District and ordered the other proceedings removed from the file of the pending case, which was to be heard before another Judge of the Eighteenth Judicial District. Defendant excepted and gave notice of appeal.

Hearing was held on 13 July 1977 before Judge Washington. It was stipulated that records of any prior proceedings had been removed from the file of the pending cause. It was found from the evidence that the victim was four years of age, that defendant attempted to have sexual intercourse with her, bruising her body near the vagina, and concluded there was probable cause. The court found "that this is a serious criminal offense, that the interests of the community must be protected and the gravity of the alleged offense requires that it be transferred to the Superior Court for trial", and that the transfer would assure defendant a fair trial without consideration of any previous misconduct by defendant which may be shown by other records of juvenile proceedings.

Indictment charging assault with intent to rape was returned a true bill by the grand jury at the August 8th, Criminal Session, 1977.

On 19 August 1977, defendant filed in the Superior Court a motion to quash and dismiss the indictment, pleading former jeopardy, and praying that the indictment be quashed and that the cause be remanded to the District Court.

The State appeals from the order allowing defendant's motion.

*Attorney General Edmisten by Assistant Attorney General James L. Stuart for the State, appellant.*

*Assistant Public Defender Michael F. Joseph for defendant appellee.*

CLARK, Judge.

In his motion to quash the indictment the defendant alleged that the Superior Court is without jurisdiction "for the reason that the defendant has previously been placed in jeopardy," but prayed that the case be remanded to the District Court for juvenile proceedings. Defendant contends in his brief on appeal that Judge Washington had no authority to overrule Judge Gentry, who had made a finding of probable cause under G.S. 7A-280 at the 3 June 1977 hearing and made a decision to try the defendant as a juvenile on 29 June 1977. Defendant abandons the double jeopardy argument.

The State had the authority to appeal under G.S. 15-179(3) from a judgment allowing a motion to quash. We note that G.S. 15A-1445, effective 1 July 1978, repeals G.S. 15-179, and provides:

> "*Appeal by the State.*—(a) Unless the rule against double jeopary prohibits further prosecution, the State may appeal from the superior court to the appellate division:
>
> (1) When there has been a decision or judgment dismissing criminal charges as to one or more counts.
>
> (2) Upon the granting of a motion for a new trial on the ground of newly discovered or newly available evidence but only on questions of law.
>
> (b) The State may appeal an order by the superior court granting a motion to suppress as provided in G.S. 15A-979."

The record on appeal reveals that in his 3 June 1977 order Judge Gentry recited that "the matter came on for a Detention Hearing," found "that there is probable cause for a hearing to be conducted in this matter," and ordered that defendant remain in the temporary custody of the court. There is nothing to indicate that Judge Gentry heard any evidence relative to the merits of the case. It thus appears that the primary purpose of this hearing, which was held on the same day that the juvenile defendant and his mother were served with process and that same day that the court appointed counsel, was to determine temporary custody under G.S. 7A-284(a) which provides as follows:

"(a) If it appears from a petition that a child is in danger, or subject to such serious neglect as may endanger his health or morals, or that the best interest of the child requires that the court assume immediate custody of the child prior to a hearing on the merits of the case, the judge may enter an order directing an officer or other authorized person to assume immediate custody of the child. Such an order shall constitute authority to assume physical custody of the child and to take the child to such place or person as is designated in the order. The court shall conduct a hearing on the merits at the earliest practicable time within five days after assuming custody, and if such a hearing is not held within five days, the child shall be released."

In addition to ordering temporary custody in the court, Judge Gentry found "probable cause for a hearing." The meaning of this finding is not clear. G.S. 7A-280 provides, in part, that if a juvenile over age 14 is charged with a felony, "the judge shall conduct a preliminary hearing to determine probable cause . . . . If the judge finds probable cause, he may proceed to hear the case under the procedures established by this article, or if the judge finds that the needs of the child or the best interests of the State will be served, the judge may transfer the case to the superior court division for trial as in the case of adults."

[1] We find that under G.S. 7A-280 where the juvenile is charged with a felony, the District Court may conduct separate hearings, one to determine probable cause and a separate evidentiary hearing upon the cause for transfer to the Superior Court. Or the District Court may conduct one evidentiary hearing to determine both probable cause and the cause for transfer to the Superior Court. *In re Smith*, 24 N.C. App. 321, 210 S.E. 2d 453 (1974). *In re Bullard*, 22 N.C. App. 245, 206 S.E. 2d 305 (1974).

[2] We conclude that on 3 June 1977 Judge Gentry made a determination of custody under G.S. 7A-284, which did not require an evidentiary hearing on the other usual due process procedures. *Newton v. Burgin*, 363 F. Supp. 782 (W.D. N.C. 1973), *aff'd mem.*, 414 U.S. 1139, 94 S.Ct. 889, 39 L.Ed. 2d 96 (1974). Assuming that Judge Gentry's finding that "there is probable cause for a hearing," constituted a finding of probable cause under G.S. 7A-280, he did not at the 29 June 1977 hearing determine any matters other

than those raised by defendant's motion to dismiss, even though the State initially took the position that it was to be a hearing on the merits. Judge Gentry, after ruling on defendant's motion, correctly ordered a hearing before Judge Washington, who on 13 July 1977 conducted an evidentiary hearing on the question of transfer to the Superior Court for trial as an adult. In doing so, Judge Washington did not overrule Judge Gentry but followed the applicable statutory procedure.

The Superior Court erred in allowing defendant's motion to quash and dismiss and in ordering the cause remanded to District Court. The judgment appealed from is reversed and this cause is remanded to the Superior Court for trial.

Reversed and remanded.

Judges BRITT and ERWIN concur.