IN THE MATTER OF: CHARLES BULLARD, RICKY McMILLIAN AND JAMES ALBERT McCROWRE, JUVENILES

No. 7412DC487

(Filed 3 July 1974)

1. Infants § 10— trial of 14 year old for felony — procedural statute — constitutionality

G.S. 7A-280 providing for the trial of a minor who has reached his fourteenth birthday is not a penal statute which either forbids or requires the doing of an act to constitute a criminal offense; rather, it is a procedural statute, and it is sufficiently explicit to meet constitutional requirements.

2. Criminal Law § 21; Infants § 10— 14 year old charged with felony— preliminary hearing in district court — findings required

G.S. 7A-280, which provides that when a child who has reached his fourteenth birthday is alleged to have committed a felony the district court judge shall determine probable cause, does not require that the determination of probable cause be supported by detailed findings of fact.

3. Infants § 10— 14 year old charged with felony — transfer to superior court

Since G.S. 7A-280 specifically provides that when a fourteen year old juvenile is charged with a felony the district court must determine whether his case should be transferred to the superior

court, defendants' contention that the district court had no power to transfer their cases to the superior court since the petitions and summonses in the cases did not mention the possibility of a transfer is without merit.

4. **Criminal Law § 26; Infants § 10— infant charged with felony — preliminary hearing in district court — trial in superior court — no double jeopardy**

Where the district court held a preliminary hearing, determined that there was probable cause to believe the juveniles guilty, and transferred the cases to the superior court, the hearing in district court was not an adjudicatory or dispositional one, though the order issued by the district court so stated, and the juveniles would not be subjected to double jeopardy by being tried in superior court.

APPEAL by juveniles from *Dupree, Judge,* 11 and 18 January 1974 Sessions of District Court held in HOKE County.

Heard in Court of Appeals 29 May 1974.

Charles Bullard, Ricky McMillian and James Albert McCrowre are juveniles above the age of fourteen. Juvenile petitions were filed in the District Court of Hoke County charging them with kidnapping and assault with intent to commit rape. The cases were heard on 11 January 1974. At the hearing the State presented evidence tending to show the commission of the offenses charged and the court found probable cause with respect to Charles Bullard and Ricky McMillian and continued the hearing until January 18 for James Albert McCrowre. On 18 January 1974, probable cause was found against McCrowre. In each case the court signed what was designated as a "Juvenile Adjudication Order" reading in part as follows:

"2. That probably the felonies of kidnapping and assault with the intent to commit rape were committed as alleged in the petitions dated December 23, 1973 and that this child probably committed said offenses.

. . . .

"IT IS THEREFORE ORDERED that the Court proceed with the dispositional part of the hearing."

Then the court entered in each case what was termed a "Juvenile Disposition Order" reading in pertinent part:

"IT IS THEREFORE ORDERED that this case be transferred to the Superior Court Division of the General Court of Justice of Hoke County, North Carolina for trial as in the case of an adult as provided for by G.S. 7A-280."

In re Bullard

All three juveniles appealed to this Court.

*Attorney General Robert Morgan, by Assistant Attorney General Ann Reed, for the State.*

*Philip A. Diehl for juvenile appellants.*

BALEY, Judge.

[1] The juveniles contend that the District Court's order transferring their cases to the Superior Court was erroneous for four reasons. First, they assert that G.S. 7A-280 is unconstitutional because of its vagueness. G.S. 7A-280 provides in pertinent part:

> "Felony cases.—If a child who has reached his fourteenth birthday is alleged to have committed an offense which constitutes a felony, the judge shall conduct a preliminary hearing to determine probable cause after notice to the parties as provided by this article. Such hearing shall provide due process of law and fair treatment to the child, including the right to counsel, privately retained or at State expense if indigent.

> "If the judge finds probable cause, he may proceed to hear the case under the procedures established by this article, or if the judge finds that the needs of the child or the best interest of the State will be served, the judge may transfer the case to the superior court division for trial as in the case of adults. The child's attorney shall have a right to examine any court or probation records considered by the court in exercising its discretion to transfer the case, and the order of transfer shall specify the reasons for transfer."

" 'A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.' " *In re Burrus,* 275 N.C. 517, 531, 169 S.E. 2d 879, 888, *aff'd sub nom. McKeiver v. Pennsylvania,* 403 U.S. 528; *accord, Papachristou v. City of Jacksonville,* 405 U.S. 156 (1972); *Winters v. New York,* 333 U.S. 507 (1948). G.S. 7A-280, however, is not a penal statute " 'which either forbids or requires the doing of an act' " to constitute a criminal offense. It is a procedural statute. G.S. 7A-280 does not place anyone in the position of being unable

to determine whether his conduct is against the law. It· is a statute which sets out a method of procedure and is sufficiently explicit to meet constitutional requirements.

[2]    The juveniles next contend that when the District Court judge found probable cause to believe that they were guilty of the offenses alleged in the petitions, he should have been required to make detailed findings of fact explaining why he believed that probable cause existed. In support of this contention they cite *Kent v. United States,* 383 U.S. 541 (1966), in which the United States Supreme Court held that such findings of fact were required. However, the *Kent* opinion is applicable only to the District of Columbia, because it is based on a District of Columbia statute. The North Carolina statutes relating to juveniles do not require that a determination of probable cause be supported by detailed findings of fact. Such findings are not required in other preliminary hearings and, in the absence of specific statutory mandate, will not be judicially decreed in juvenile hearings.

[3]    The juveniles' third contention is that the District Court had no power to transfer their cases to the Superior Court, since the petitions and summonses in these cases did not mention the possibility of a transfer. G.S. 7A-280 specifically provides that when a fourteen or fifteen-year-old juvenile is charged with a felony, the District Court must determine whether his case should be transferred to the Superior Court.

[4]    Finally, the juveniles contend that they cannot be tried in Superior Court, since the District Court has already held an adjudicatory hearing and dispositional hearing in their cases. Under the constitutional prohibition against double jeopardy, a defendant may not be tried twice or punished twice for the same offense. *State v. Summrell,* 282 N.C. 157, 192 S.E. 2d 569; *State v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838.

It is true that in each of these cases the District Court issued a purported "Juvenile Adjudication Order" and "Juvenile Disposition Order" which stated that an adjudicatory hearing and a dispositional hearing had been held. In reality, however, no adjudicatory or dispositional hearing was held. The District Court did not decide whether the juveniles were guilty of the offenses alleged in the petitions. It merely determined that there was *probable cause* to believe them guilty. Therefore, the hearing· was not an adjudicatory hearing, although the court's

orders incorrectly referred to it as such. Likewise, the court did not impose any punishment on the juveniles, although its orders incorrectly stated that a dispositional hearing had been conducted. Trial in the Superior Court is not a form of punishment. If the juveniles are found innocent in the Superior Court, they will not be punished at all. If they are found guilty in the Superior Court, they will receive such punishment as the court may impose under the law.

What the District Court actually did was to hold a preliminary hearing, determine whether there was probable cause to believe the juveniles guilty, and transfer the cases to the Superior Court. In substance, though not in form, the court complied with the requirements of G.S. 7A-280. Since there has been only a determination of probable cause, and not an adjudication of guilt, the juveniles have not yet been placed in jeopardy. *See State v. Neas,* 278 N.C. 506, 180 S.E. 2d 12; *State v. Birckhead, supra.*

Under G.S. 7A-280, when a child of fourteen or fifteen is charged with a felony, the District Court must hold a *preliminary* hearing to determine whether there is probable cause to believe the child guilty. If the judge finds that probable cause exists, he must then decide whether to try the case himself or transfer it to the Superior Court. If he determines that the needs of the child or the best interest of the State will be served by a transfer, he may order the case transferred. If he decides to try the case himself, he must then hold an adjudicatory and dispositional hearing in accordance with the provisions of G.S. 7A-285 and 7A-286.

In these cases the court after a preliminary hearing under G.S. 7A-280 has found probable cause and has determined that the needs of the juveniles and the best interest of the State will be served by a transfer to the Superior Court for trial.

The transfer orders of the trial court are affirmed.

Affirmed.

Judges MORRIS and HEDRICK concur.