IN THE MATTER OF ROOSEVELT SMITH

No. 7412DC554

(Filed 18 December 1974)

1. **Courts § 15; Infants § 10— trial of 14 year old for felony — procedural statute — constitutionality**

    The statute requiring the district court to determine whether the case of a fourteen year old juvenile charged with a felony should be transferred to the superior court is constitutional. G.S. 7A-280.

2. **Courts § 15; Infants § 10— transfer of juvenile felony charge to superior court — separate evidentiary hearing not required**

    G.S. 7A-280 does not require the district court to conduct a separate evidentiary hearing upon the cause for transfer of a juvenile charged with a felony to the superior court.

3. **Courts § 15; Infants § 10— transfer of juvenile case to superior court — sufficiency of findings**

    Juvenile disposition order stating that a juvenile charged with rape was being transferred to superior court for trial because the Board of Youth Development (now the Department of Correction) would not be in a position to render appropriate custodial rehabilitative services if the juvenile should be found guilty of the charge of rape contained the minimal specification of reason under G.S. 7A-280 and disclosed that, in exercising his discretion to transfer the case, the district judge found that the needs of the child would be best served by the transfer.

APPEAL by the juvenile from *Carter, District Court Judge,* 2 May 1974 Session of District Court held in CUMBERLAND County. Argued in the Court of Appeals 17 September 1974.

Juvenile petition was filed in District Court alleging, *inter alia,* the following:

"3. That the child is a delinquent child as defined by G.S. 7A-378(2) in that at and in the county named above and on or about the 29th day of April, 1974, the child did unlawfully, wilfully, and feloniously ravish and carnally know one Linda Watts, age 14."

After hearing the evidence, the District Court Judge made the following two findings of fact in the juvenile adjudication order:

"1. That said child is over 14 years of age and less than 16 years of age.

"2. That the Court finds probable cause as to the offense of rape."

Thereafter, in the juvenile disposition order, the District Court Judge, *inter alia,* found the following facts:

"4. That if said child is guilty of the offense as charged and for which the Court has found probable cause, the Board of Youth Development is not in a position to render appropriate custodial rehabilitative services for said child.

"5. That said case should be bound over to Superior Court for trial on its merits if a true bill is found by the grand jury."

The juvenile was represented at the hearing and on this appeal by the Assistant Public Defender.

*Attorney General Carson, by Assistant Attorney General Reed, for the State.*

*Assistant Public Defender Beaver, for the juvenile.*

BROCK, Chief Judge.

[1] The juvenile argues that G.S. 7A-280 is unconsitutional. This same argument with the same reasoning was recently considered by this Court. The statute was held to be constitutional.

*In re Bullard,* 22 N.C. App. 245, 206 S.E. 2d 305, *appeal dismissed,* 285 N.C. 758, 209 S.E. 2d 279.

**[2]** The juvenile further argues that the district judge did not follow the statute in his order transferring the case to the Superior Court. The juvenile argues that the statute implicitly requires a separate evidentiary hearing on the cause for transfer.

While we recognize that circumstances may sometimes make it more appropriate for the court to conduct a separate evidentiary hearing upon the cause for transfer of a juvenile charged with a felony to the Superior Court, we reject the argument that G.S. 7A-280 mandates a separate hearing.

**[3]** The juvenile disposition order in this case specifies the reason for the transfer to be that if the juvenile is found guilty of the charge of rape, the Board of Youth Development (now Department of Correction) is not in position to render appropriate custodial rehabilitative services. This is a minimal specification of reason under G.S. 7A-280. However, it discloses that, in exercising his discretion to transfer the case, the trial judge found that the needs of the child would best be served by the transfer. There is no claim or contention that counsel for the juvenile was denied the right to examine any court or probation records considered by the trial judge.

Affirmed.

Judges MORRIS and MARTIN concur.