IN THE MATTER OF RANDOLPH BUNN, JUVENILE

No. 778DC494

(Filed 7 December 1977)

**Courts § 15; Infants § 11— armed robbery charge against juvenile—transfer for trial as adult**

A district court judge did not abuse his discretion in transferring an armed robbery charge against a fifteen-year-old male to the superior court for trial as in the case of an adult where the judge found that the best interest of the State would thereby be served because of the deadly nature of the assault involved in the armed robbery, defendant's history of delinquency, and the interest of the State in protecting its citizens from those who have demonstrated that they will threaten human life in order to deprive others unlawfully of their property. G.S. 7A-280.

APPEAL by defendant from *Ellis, Judge.* Order entered 2 February 1977 in District Court, WAYNE County. Heard in the Court of Appeals 20 October 1977.

Defendant, a fifteen-year-old male, appeals from an order transferring his case to the Superior Court for trial as an adult on an armed robbery charge.

Defendant had previously been placed on juvenile probation. A hearing on a motion to review in that proceeding was heard at the same time the probable cause hearing on the felony charge was conducted. The judge, after making appropriate findings based on the evidence, ordered that he be committed to the appropriate facility for juveniles. Defendant does not appeal from that order.

The State's evidence tended to show, among other things, that defendant and a companion, armed with a rifle, entered a food store at about 11:45 p.m. They forced the manager into a restroom and attempted to open the cash register. The register was locked. They, then, forced the manager at gunpoint to open the register. As defendant and his accomplice were removing the money from the register, they were frightened by an approaching car. The pair fled through the rear of the store. They were later arrested and admitted the robbery.

*Attorney General Edmisten, by Associate Attorney Isaac T. Avery III, for the State.*

*Kornegay, Bruce & Rice, by R. Michael Bruce, for respondent appellant.*

VAUGHN, Judge.

Defendant brings forward numerous assignments of error directed at the order transferring the case to the Superior Court division.

G.S. 7A-280 provides, in appropriate part, that where probable cause is found in a felony case against a child who has reached his 14th birthday, the judge "*may* proceed to hear the case . . . , or if the judge finds that the needs of the child *or* the best interest of the State will be served, the judge *may* transfer the case to the superior court division for trial as in the case of adults. The child's attorney shall have a right to examine any court or probation records considered by the court in exercising its *discretion* to transfer the case, and the order of transfer shall specify the reasons for transfer." (Emphasis added.)

Neither the defendant nor the State has the *right* to have this case disposed of in a particular trial division of the General Court of Justice. The statute leaves the decision on whether the

case will be transferred to the Superior Court solely within the sound discretion of the District Court judge who conducts the probable cause hearing. The exercise of that discretion is not subject to review in the absence of a showing of gross abuse.

The judge is not required to make findings of fact to support his conclusion that the needs of the juvenile *or* that the best interest of the State would be served by transferring the case to the Superior Court division. It is only required that if he elects to order the transfer, he must state his reasons therefor. Here the judge specified as his reason for the transfer that the best interest of the State would thereby be served. He then gave some explanation of his reason. The explanation included his consideration of the deadly nature of the assault involved in the armed robbery, defendant's history of delinquency, and the interest of the State in protecting its citizens from those who have demonstrated that they will threaten human life in order to deprive others unlawfully of their property.

The foregoing considerations make it manifest that the judge did not abuse his discretion in ordering the transfer. *See In re Smith*, 24 N.C. App. 321, 210 S.E. 2d 453 (1974); *In re Bullard*, 22 N.C. App. 245, 206 S.E. 2d 305 (1974), dismissed 285 N.C. 758, 209 S.E. 2d 279. All of defendant's assignments of error have been considered and found to be without merit.

Affirmed.

Judges MORRIS and CLARK concur.