663 S.E.2d 475 (2008)
In re E.S.
No. COA07-1054.
Court of Appeals of North Carolina.
August 5, 2008.
Attorney General Roy Cooper, by Assistant Attorneys General Chris Z. Sinha and Kathleen U. Baldwin, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Matthew D. Wunsche, for juvenile-appellee.
GEER, Judge.
The State appeals from the superior court's order concluding that the district court erred in transferring E.S.'s juvenile delinquency case to superior court and remanding the case to district court. We agree with the State that the superior court effectively engaged in de novo review when it should have limited its review to a determination whether the district court abused its discretion by transferring the case. We, therefore, reverse.

Facts
On 13 January 2005, the State filed four juvenile petitions in New Hanover County District Court alleging that the juvenile was delinquent. The first petition asserted that the juvenile had committed first degree rape in that he had engaged in vaginal intercourse by force and against the will of the alleged victim and was aided and abetted by another person. The second petition claimed that the juvenile committed first degree kidnapping by unlawfully confining, restraining, and removing the alleged victim from one place to another without her consent and for the purpose of committing first degree rape. The third petition alleged that the juvenile committed felony breaking and entering by unlawfully, willfully, and feloniously breaking and entering a home under construction with *476 the intent to commit a felony inside the building. The final petition alleged that the juvenile committed common law conspiracy by conspiring with two other individuals to commit first degree rape. On the date of the alleged offenses, 11 January 2005, the juvenile was 15 years old.
On 31 March 2005, the State moved to transfer the case from district court to superior court so that the juvenile could be tried as an adult. District Court Judge Shelly S. Holt first held a probable cause hearing on 31 May 2005 and, based on the evidence presented, found probable cause that the juvenile had committed the offenses alleged in the petitions. On 24 June 2005, Judge Holt conducted a hearing on the State's motion to transfer.
In support of its motion to transfer, the State presented expert testimony of a supervisor at the Department of Juvenile Justice, who recommended that the case be transferred given the violence of the alleged acts, the number of individuals involved, and the nature of the alleged crimes. The juvenile offered expert testimony from a former director of a juvenile sex offender treatment program, who had evaluated the juvenile and believed that resources were available within the juvenile system to treat and sanction the juvenile.
On 24 June 2005, Judge Holt entered an order stating:
Having considered all evidence presented regarding the factors in G.S. 7B-2203(b), the Court finds that the protection of the public and the needs of the juvenile:
....
... will be served by transfer of the case to Superior Court, and the case should be transferred for the following reasons: ...
This juvenile will be 16 in three months. There is a codefendant charged as an adult who is not much older than this juvenile and they should be tried in the same court. This juvenile has tested in the average to high average range, and is found in his recent psychological evaluation to have average to above average cognitive abilities. There is nothing about his intellectual functioning or mental capacity that lessens his culpability.
These alleged offences [sic] were committed in an aggressive, violent, premeditated and willful manner. The evidence presented showed that the alleged victim was resistant to the advances made by the juvenile and the codefendant, that she repeatedly told them to stop and attempted to get away from the juvenile and his codefendant and that she was intimidated by the fact that this juvenile was with two other boys.
The offenses that this juvenile is charged with are very serious and the protection of the public requires that he be tried as an adult along with his codefendant. All of these factors outweigh the lack of a prior juvenile record for the juvenile, the fact that he has a supportive family and the fact that the juvenile court has not previously attempted to work with this juvenile.
Based on these findings, Judge Holt transferred the case to New Hanover County Superior Court. The juvenile timely appealed to superior court from Judge Holt's decision.
On appeal, the superior court found, in an order entered on 24 March 2006, that the district court abused its discretion in transferring the case:
The Court having reviewed the file, evidence, and the transcripts of the transfer hearing as well as having heard arguments by counsel, hereby finds that there has been an abuse of discretion as defined in N.C.G.S. § 7B-2603 in the transfer of this matter from juvenile court to superior court under circumstances where:
a. The juvenile had no prior contact with the juvenile or criminal system in this state or in any other state and there have been no prior attempts to rehabilitate the juvenile (the juvenile has not had any subsequent contact with the juvenile or criminal system since being released from custody which was on or about June 10, 2005, to the time of this hearing);

*477 b. All the medical expert testimony indicates that the juvenile would benefit from treatment and rehabilitative efforts in the juvenile system and that the juvenile would best be served through the juvenile system;
c. All the medical expert testimony indicates that the juvenile's future risk to the community is low and that the juvenile's amenability to sanctions and treatments available through juvenile services is high;
d. The evidence on record indicates the juvenile is residing in a stable and intact home environment with his supportive parents as well as with his siblings, and grandmother.
Based on these findings, the superior court remanded the case to the district court for adjudication.
On 7 April 2006, the State filed a motion in superior court to stay further proceedings pending review by this Court. The superior court denied the motion on 12 April 2006. The State then filed a petition for writ of certiorari in this Court on 21 April 2006, along with a motion for a temporary stay and a petition for writ of supersedeas. This Court granted the temporary stay on 24 April 2006, but vacated it on 11 May 2006 upon denying the State's petitions for writ of certiorari and supersedeas.
On 25 May 2006, the State petitioned the North Carolina Supreme Court for writ of certiorari to review this Court's 11 May 2006 order. On 28 June 2007, the Supreme Court issued an order allowing the State's writ of certiorari
for the limited purpose of vacating the Court of Appeals' order denying the [State]'s petition for writ of certiorari and remanding to the Court of Appeals for review on the merits in light of this Court's decision in State v. Green, 348 N.C. 588, 595, 502 S.E.2d 819, 823 (1998) and the Court of Appeals' decision in In re Bunn, 34 N.C.App. 614, 615-16, 239 S.E.2d 483, 484 (1977).
Although the Supreme Court denied the State's petition for writ of supersedeas, this Court allowed the State's petition on 3 August 2007.

Discussion
The sole issue before this Court is whether the superior court erred in its order reversing the district court's order of transfer. N.C. Gen.Stat. § 7B-2200 (2007) provides district courts with the authority to transfer juvenile delinquency cases to superior court for the juvenile to be tried as an adult when the district court finds probable cause that the juvenile committed the alleged offense, and the juvenile was at least 13 at the time of the alleged offense.
N.C. Gen.Stat. § 7B-2203(b) (2007) sets out the factors to be considered in a transfer hearing:
(b) In the transfer hearing, the court shall determine whether the protection of the public and the needs of the juvenile will be served by transfer of the case to superior court and shall consider the following factors:
(1) The age of the juvenile;
(2) The maturity of the juvenile;
(3) The intellectual functioning of the juvenile;
(4) The prior record of the juvenile;
(5) Prior attempts to rehabilitate the juvenile;
(6) Facilities or programs available to the court prior to the expiration of the court's jurisdiction under this Subchapter and the likelihood that the juvenile would benefit from treatment or rehabilitative efforts;
(7) Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner; and
(8) The seriousness of the offense and whether the protection of the public requires that the juvenile be prosecuted as an adult.
N.C. Gen.Stat. § 7B-2203(b)(1)-(8). When the district court decides to transfer the case to superior court, the resulting "order of transfer shall specify the reasons for transfer." N.C. Gen.Stat. § 7b-2203(c) (emphasis added). See In re J.L.W., 136 N.C.App. 596, *478 600 n. 4, 525 S.E.2d 500, 503 n. 4 (2000) ("[T]he juvenile court must consider eight enumerated factors pursuant to a transfer hearing and then specify the reasons for transfer if the case is transferred to superior court.").
Thus, the statute sets forth three requirements for the district court in making a ruling after a transfer hearing. First, the court must determine whether the protection of the public and the needs of the juvenile will be served by transfer of the case to superior court. Second, the court must consider eight specified factors. Third, if the court decides to transfer the case, then the order must specify the reasons for that decision.
N.C. Gen.Stat. § 7B-2603 (2007) grants a juvenile the right to appeal to superior court any order transferring jurisdiction over a juvenile matter from the district court to superior court. Upon appeal, "[t]he superior court shall, within a reasonable time, review the record of the transfer hearing for abuse of discretion by the juvenile court in the issue of transfer." N.C. Gen.Stat. § 7B-2603(a) (emphasis added). The superior court "shall enter an order either (i) remanding the case to the juvenile court for adjudication or (ii) upholding the transfer order." N.C. Gen.Stat. § 7B-2603(c).
The two decisions cited by our Supreme Court in remanding this case for decision on the merits both emphasize that the superior court is limited to reviewing the district court's decision for an abuse of discretion. In State v. Green, 348 N.C. 588, 595, 502 S.E.2d 819, 823 (1998), cert. denied, 525 U.S. 1111, 119 S.Ct. 883, 142 L.Ed.2d 783 (1999), the Supreme Court held that "[t]he decision to transfer a juvenile's case to superior court lies solely within the sound discretion of the juvenile court judge and is not subject to review absent a showing of gross abuse of discretion." This Court held likewise in In re Bunn, 34 N.C.App. 614, 616, 239 S.E.2d 483, 484 (1977): "[T]he decision on whether the case will be transferred to the Superior Court [lies] solely within the sound discretion of the District Court judge who conducts the probable cause hearing. The exercise of that discretion is not subject to review in the absence of a showing of gross abuse." It is settled that "an abuse of discretion is established only upon a showing that a court's actions `are manifestly unsupported by reason,'" or "`so arbitrary that it could not have been the result of a reasoned decision.'" State v. T.D.R., 347 N.C. 489, 503, 495 S.E.2d 700, 708 (1998) (quoting White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 832 (1985)).
Here, the superior court's order identified the correct standard of review, but failed to properly apply that standard. After reciting the standard of review, the superior court made findings on the evidence relating to § 7B-2203(b)'s factors, repeating some of the findings of the district court and making additional findings on factors not relied upon by the district court. The superior court chose to give more weight than the district court did to the expert testimony addressing the facilities and programs available in the juvenile system and the likelihood that the juvenile would benefit from such treatment. The district court, however, found other factors to be more compelling and entitled to greater weight, including the juvenile's age; his average to above average cognitive abilities; the aggressive, violent, premeditated, and willful manner in which the alleged crimes were committed; and the seriousness of the crimes.
A superior court reviewing an appeal of a transfer order may not, however, re-weigh the evidence, decide which factors are more important, and reverse the district court on that basis, as the superior court did here. Put simply, a superior court may not substitute its judgment for that of the district court. In this case, the superior court did not explain in what way the district court's decision was manifestly unreasonable. The superior court simply concluded, based on its de novo view of the evidence, that transfer was inappropriate. That approach does not properly apply an abuse of discretion standard of review.
The juvenile argues that the district court abused its discretion by failing to make specific findings of fact on each of the factors enumerated in N.C. Gen.Stat. § 7B-2203(b) and by considering the desirability of trying the juvenile and his "codefendant" in the *479 same court, a factor not included in § 7B-2203(b). These alleged errors were not, however, set out in the superior court's order as its basis for the superior court's determination that the district court abused its discretion. Because the juvenile did not cross-assign error to the superior court's failure to address those concerns, these arguments cannot be a basis for upholding the superior court's decision. See N.C.R.App. P. 10(d) ("Without taking an appeal an appellee may cross-assign as error any action or omission of the trial court which was properly preserved for appellate review and which deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken."); Harllee v. Harllee, 151 N.C.App. 40, 51, 565 S.E.2d 678, 685 (2002) (holding that alternative basis for upholding decision below is not properly preserved for appellate review in absence of cross-assignment of error).
In sum, we hold that the trial court applied the wrong standard of review and erred as a matter of law. Accordingly, we reverse the superior court's order remanding the case to district court and remand for further proceedings not inconsistent with this opinion.
Reversed and remanded.
Judges TYSON and STROUD concur.