IN THE MATTER OF STEVEN EDWARD FORD, A JUVENILE

No. 808DC641

(Filed 2 December 1980)

**1. Infants § 11— juvenile — murder and breaking and entering charges — transfer to superior court**

    It was manifestly not an abuse of discretion for the juvenile court to transfer a breaking and entering charge against a 15 year old juvenile to superior court for trial together with the manditorily transferred charge of the capital offense of first degree murder when the two offenses arose out of the same series of events and their trial would involve production of the same evidence. G.S. 7A-666.

**2. Infants § 21— juvenile proceeding — finding of probable cause not final order — evidentiary rulings not appealable**

    A finding of probable cause in a juvenile proceeding was not an appealable "final order" under G.S. 7A-666, and evidentiary rulings of the trial court in conducting the probable cause hearing were not properly before the Court of Appeals for review.

In re Ford

APPEAL by juvenile from *Ellis (Kenneth R.), Judge.* Order entered 27 March 1980 in District Juvenile Court, LENOIR County. Heard in the Court of Appeals 11 November 1980.

Juvenile petitions were filed in Lenoir County District Court alleging that Steven Edward Ford, age 15, on or about 23 January 1980 did:

(1) "unlawfully, willfully, feloniously and of malice aforethought kill and murder Lillian Lee";

(2) "unlawfully, wilfully and feloniously ravish, abuse and carnally know Lillian Lee by force and against her will";

(3) "unlawfully, wilfully and feloniously Break and Enter the dwelling house of Lillian Lee . . . with the unlawful, wilful and felonious intent to commit a felony therein to wit: Murder, Rape and Armed Robbery"; and

(4) "did unlawfully, wilfully and feloniously with the use and threatened use of certain deadly weapons . . . whereby the life of Lillian Lee was threatened and endangered . . . take, steal and carry away $30.00 in . . . money from the person and presence of Lillian Lee . . . , the personal property of Lillian Lee."

From an order finding probable cause as to the offenses of murder and breaking and entering, and transferring the offenses to the Superior Court of Lenoir County for trial as in the case of adults, the juvenile appeals.

*Attorney General Edmisten, by Assistant Attorney General Douglas A. Johnston, for the State.*

*T. Dewey Mooring, Jr., for the juvenile appellant.*

WHICHARD, Judge.

We note at the outset that the record does not contain "a copy of the notice of appeal, or of the appeal entry showing appeal taken orally, and of all other appeal entries relative to the perfecting of appeal" in violation of Rule 9(b)(3)(viii), North Carolina Rules of Appellate Procedure. We nevertheless consider the matter in our discretion.

Former G.S. 7A-280 (now repealed) gave the juvenile court (the District Court division) discretion, in cases where the juvenile had attained the age of 14 years, to "proceed to hear the case" or, if it found that the needs of the child or the best interest of the State would be served thereby, to "transfer the case to the Superior Court division for trial as in the case of adults." In several cases this Court has found reviewable, for abuse of discretion or as to compliance with statutory requirements, discretionary transfer orders of juvenile courts entered pursuant to that statute. *See State v. Connard*, 40 N.C. App. 765, 253 S.E. 2d 651 (1979); *In re Bunn*, 34 N.C. App. 614, 239 S.E. 2d 483 (1977); *In re Smith*, 24 N.C. App. 321, 210 S.E.2d 453 (1974); *In re Bullard*, 22 N.C. App. 245, 206 S.E.2d 305 (1974).

**[1]** Former G.S. 7A-280 has been replaced in the revised North Carolina Juvenile Code, which became effective 1 January 1980, by G.S. 7A-608, which provides as follows:

> *Transfer of jurisdiction of juvenile to superior court.* — The court after notice, hearing and a finding of probable cause may transfer jurisdiction over a juvenile 14 years of age or older to superior court if the juvenile was 14 years of age or older at the time he allegedly committed an offense which would be a felony if committed by an adult. *If the alleged felony constitutes a capital offense and the judge finds probable cause, the judge shall transfer the case to the superior court for trial as in the case of adults.*

G.S. 7A-608 (emphasis supplied). One of the alleged felonies as to which the juvenile court here found probable cause was the capital offense of murder. G.S. 14-17. G.S. 7A-608 *mandated* the transfer of that offense to Superior Court for trial as in the case of adults. There was thus no discretion as to that transfer for the juvenile court to exercise and for this Court to review. As to the offense of felonious breaking and entering, assuming without deciding that review by this Court of the *discretionary* transfer to Superior Court is not precluded by G.S. 7A-666, it was manifestly not an abuse of discretion to transfer this offense to Superior Court for trial together with the manditorily transferred offense of murder when the two offenses arose out of the same series of events and their trial would involve production of the same evidence.

**[2]** The juvenile-appellant brings forward five assignments of error, all relating to evidentiary rulings of the trial court in con-

In re Ford

ducting the probable cause hearing. In our opinion these rulings are not properly before this Court for review at this time. The revised North Carolina Juvenile Code, in section 7A-666, provides as follows:

> *Right to appeal.* —Upon motion of a proper party as defined in G.S. 7A-667, review of any *final order* of the court in a juvenile matter under this Article shall be before the Court of Appeals . . . A *final order* shall include:
>
> (1) Any order finding absence of jurisdiction;
>
> (2) Any order which in effect determines the action and prevents a judgment from which appeal might be taken;
>
> (3) Any order of disposition after an adjudication that a juvenile is delinquent, undisciplined, abused, neglected, or dependent; or
>
> (4) Any order modifying custodial rights.

G.S. 7A-666 (emphasis suplied). A finding of probable cause clearly does not fall within the ambit of the four categories of final orders specified in the statute. Nor do we believe it to be within the purview of the legislative intent to permit judicial augmentation of the list which may be inferred from the use of the word "include" preceding the specified categories. A finding of *no* probable cause clearly is not a "final order," because it does not preclude the State from instituting a subsequent prosecution for the same offense. G.S. 15A-612(b). Neither should a finding of probable cause be regarded as a "final order" within the intent of G.S. 7A-666, because it merely binds the juvenile over for trial and makes no ultimate disposition of the charges against him.

The evidentiary questions presented by the juvenile-appellant's assignments of error may well merit our attention upon his appeal from a trial resulting in a disposition unfavorable to him. They are not properly before us, however, in relation to a finding of probable cause, which is not a "final order" making some ultimate disposition of the charges against the juvenile within the intent of G.S. 7A-666.

The order of the trial court transferring the offenses to the Superior Court of Lenoir County for trial as in the case of adults is affirmed. The assignments of error to the trial court's evidentiary

rulings in the probable cause hearing are not before us at this time.

Affirmed.

Judges HEDRICK and CLARK concur.