IN THE MATTER OF K.R.B., Juvenile

No. COA98-658

(Filed 20 July 1999)

### 1. Appeal and Error— appealability—juvenile—finding of probable cause—not a final order

An appeal from a finding of probable cause that a juvenile had committed first-degree murder was not immediately appealable and was dismissed. A finding of probable cause clearly does not fall within any of the four categories of final orders specified in N.C.G.S. § 7A-666 (1995).

### 2. Juveniles— murder—transfer to superior court—trial as adult—petition adequate

The trial court did not err by transferring a juvenile to superior court for trial as an adult on a charge of first-degree murder without a transfer hearing following a finding of probable cause. The juvenile petition adequately charged the offense in a clear and concise manner and informed the juvenile of the charge against him; if he needed further clarification of the charge, he could have filed a motion for a bill of particulars. The court properly transferred the juvenile automatically without a juvenile transfer hearing. N.C.G.S. § 7A-608.

Appeal by juvenile from order entered 23 February 1998 by Judge Elaine M. O'Neal in Durham County District Court. Heard in the Court of Appeals 13 January 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General T. Brooks Skinner, Jr., for the State.*

*Brian Michael Aus for juvenile-appellant.*

**IN RE K.R.B.**

[134 N.C. App. 328 (1999)]

TIMMONS-GOODSON, Judge.

On 13 January 1998, a juvenile petition was filed alleging that the juvenile, K.R.B. ("juvenile"), was delinquent as defined by North Carolina General Statutes section 7A-517(12) (1995) in that on or about 30 December 1997 he "unlawfully, willfully and feloniously did of malice aforethought kill and murder Tracy Price" in violation of North Carolina General Statutes section 14-17 (1993).

At the 23 February 1998 probable cause hearing, the only evidence presented by the State was the testimony of Detective Vincent Bynum ("Detective Bynum") of the Durham Police Department. Detective Bynum testified that he was the investigating officer assigned to investigate the homicide of a taxi cab driver, Tracy Price ("victim"), who died as a result of a single gun shot wound to the neck.

Based on leads provided by an informant, interviews were conducted with Eric, Anthony and Judge Bobbitt. At the police headquarters, Eric, Anthony and Judge gave written statements. Detective Bynum testified that he interviewed and took a written statement from Eric, while Sergeant Carter interviewed and took a written statement from Anthony. Detective Bynum further testified that the statements were identical except they differed as to who made the call for the cab that picked them up. Eric and Anthony were subsequently charged with murdering the victim. Judge was not charged with murder.

Over juvenile's objection, Detective Bynum was allowed to testify at the probable cause hearing about the statements given to the police by Eric and Anthony. The statements given by the Bobbitt brothers tended to show that Eric and Anthony were "hanging out on the block" when juvenile approached them. They began talking about girls they had met earlier on Buchanan Street. They called a cab from a pay phone across the street and gave Eric and Anthony's former address, 1615 Sedgefield Court, Apartment 11. The taxi pulled up to the parking lot at 1615 Sedgefield Court and blew the horn. Eric, Anthony and juvenile got into the taxi cab and directed victim to drive to North Buchanan Street. Once they arrived at the designated location, the cab meter read three dollars and thirty-five cents. Anthony reached into his pocket to give victim the money for the fare and victim said, "[j]ust give me two dollars, because it was a short ride." As Anthony was giving victim the money for the fare, he heard a gun shot and saw juvenile with a gun in his hand. As Anthony ran,

IN RE K.R.B.

[134 N.C. App. 328 (1999)]

he looked back and saw juvenile going through victim's pockets in the front seat. He ran to juvenile's address on Hillcrest. Juvenile came up behind him and showed him the money he had taken from victim's pockets, which consisted of a twenty and some other bills. On cross-examination, Detective Bynum acknowledged that juvenile's name had not come up in the investigation until given to him by the Bobbitt brothers. As of the time of the probable cause hearing, Detective Bynum had no information implicating juvenile other than the Bobbitt brothers' statements.

The trial court found that there was probable cause to believe that, indeed, a murder had been committed and that juvenile had committed the offense of first degree murder. The trial court further found that the offense was a class A felony for which transfer to Superior Court was mandatory pursuant to North Carolina General Statutes section 7A-608 (1995) and ordered the case transferred to Superior Court for trial as an adult. Juvenile appeals.

---

[1] Juvenile's first argument relates to evidentiary rulings of the trial court in conducting the probable cause hearing. Specifically, juvenile argues that Detective Bynum's testimony at the probable cause hearing regarding statements made to him by Eric and Anthony was inadmissible hearsay. The State counters that these rulings are not properly before this Court because a finding of probable cause in a juvenile proceeding is not immediately appealable. We agree with the State.

Section 7A-666 of the North Carolina Juvenile Code states the following:

*Right to appeal.* Upon motion of a proper party as defined in G.S. 7A-667, review of any *final order* of the court in a juvenile matter under this Article shall be before the Court of Appeals . . . . A *final order* shall include:

(1) Any order finding absence of jurisdiction;

(2) Any order which in effect determines the action and prevents a judgment from which appeal might be taken;

(3) Any order of disposition after an adjudication that a juvenile is delinquent, undisciplined, abused, neglected, or dependent; or

(4) Any order modifying custodial rights.

N.C. Gen. Stat. § 7A-666 (1995) (emphasis added).

A finding of probable cause by the trial court clearly does not fall within any of the four categories of final orders specified in the statute. *In re Ford*, 49 N.C. App. 680, 683, 272 S.E.2d 157, 159 (1980). "Nor do we believe [a finding of probable cause] to be within the purview of the legislative intent to permit judicial augmentation of the list which may be inferred from the use of the word 'include' preceding the specified categories." *Id.* A finding of probable cause is not a final order "because it merely binds the juvenile over for trial and makes no ultimate disposition of the charges against him." *Id.* Based on these principles, we must conclude that this argument is not properly before us and, therefore, must be dismissed.

**[2]** Juvenile next argues that the trial court erred by automatically transferring his case to Superior Court, without conducting a transfer hearing, because the petition lacked all of the elements of first degree murder. The State counters that the petition was sufficient to allege first degree murder and, consequently, that transfer of the case to Superior Court was mandatory. Once again, we agree with the State.

North Carolina General Statutes section 7A-560 (1995) provides:

A petition in which delinquency is alleged shall contain a plain and concise statement, without allegations of an evidentiary nature, asserting facts supporting every element of a criminal offense and the juvenile's commission thereof with sufficient precision clearly to apprise the juvenile of the conduct which is the subject of the accusation.

First degree murder is defined as "the unlawful killing of a human being with malice and with premeditation and deliberation." *State v. Bonney*, 329 N.C. 61, 77, 405 S.E.2d 145, 154 (1991); N.C. Gen. Stat. § 14-17 (1993). "Premeditation means that the act was thought out beforehand for some length of time, however short, but no particular amount of time is necessary for the mental process of premeditation." *State v. Conner*, 335 N.C. 618, 635, 440 S.E.2d 826, 835-36 (1994). "Deliberation means an intent to kill, carried out in a cool state of blood, in furtherance of a fixed design for revenge or to accomplish an unlawful purpose and not under the influence of a violent passion, suddenly aroused by lawful or just cause or legal provocation." *Id.* at 635, 440 S.E.2d at 836.

The juvenile petition alleged the following:

That the juvenile is a delinquent as defined by G.S. 7A-517(12) in that in Durham County and on or about December 30, 1997 the

above named juvenile unlawfully, willfully and feloniously did of malice aforethought kill and murder Tracy Price. G.S. 14-17.

In the case *sub judice*, the petition properly alleges first degree murder and satisfies the requirements of section 7A-560. The petition adequately charged the offense in a clear and concise manner and informed juvenile of the charge against him so he could adequately prepare a defense. If juvenile needed further clarification on the charge, he could have filed a motion for a bill of particulars pursuant to North Carolina General Statutes section 15A-925 (1997). Additionally, we note that juvenile failed to object to the indictment before the trial court.

Section 7A-608 requires upon a finding of probable cause in a class A felony that the court transfer the case to Superior Court for trial as in the case of adults. Here, the court properly transferred juvenile automatically to Superior Court without a juvenile transfer hearing.

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Judges LEWIS and WALKER concur.