525 S.E.2d 500 (2000)
In re J.L.W. (Juvenile).
No. COA99-283.
Court of Appeals of North Carolina.
February 15, 2000.
*501 Attorney General Michael F. Easley, by Assistant Attorney General M.A. Kelly Chambers, for the State.
Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Janine C. Fodor, Durham, for juvenile-appellant.
WALKER, Judge.
On 26 August 1998, petitions were filed in the juvenile court of Alamance County alleging that J.L.W. was a delinquent juvenile because he had committed eight counts of larceny, eight counts of possession of stolen property, twenty-two misdemeanor counts of injury to personal property, and one misdemeanor count of damage to real property. A hearing on probable cause, on the State's motion to transfer jurisdiction to superior court, and an adjudicatory hearing on the misdemeanor counts were held in the juvenile court. The juvenile court found probable cause with respect to all the felony charges and adjudicated the juvenile delinquent on all the misdemeanor counts. The juvenile court also transferred both the felony counts and the misdemeanor counts to superior court for trial as in the case of an adult.
The State's evidence tended to show the following: J.L.W., 15 years old at the time, and his friend, Perry Torain, 17, entered a parking lot containing the school buses owned by the Alamance-Burlington School District. J.L.W. and Torain drove an unknown number of the buses within the parking lot, damaging the buses through vandalism and collisions. Eighteen buses and a fence were damaged, and eight of the buses were rendered inoperable. Damages exceeded $23,500.00. J.L.W. admitted driving two of the buses.
J.L.W. first assigns as error the trial court's finding probable cause with respect to the charges of felony larceny and felony possession of stolen property, because of the State's lack of sufficient evidence.
This Court held in In re K.R.B., 134 N.C.App. 328, 517 S.E.2d 200, disc. review denied, 351 N.C. 187, ___ S.E.2d ___ (1999), *502 that a finding of probable cause in a juvenile proceeding is not immediately appealable. In K.R.B., the juvenile appealed the trial court's finding of probable cause with regard to a murder. This Court dismissed the juvenile's argument based upon § 7A-666[1] of the North Carolina Juvenile Code and In re Ford, 49 N.C.App. 680, 272 S.E.2d 157 (1980). K.R.B., 134 N.C.App. at 330, 517 S.E.2d at 202. Section 7A-666, repealed effective 1 July 1999, still controls the determination of J.L.W.'s case.
J.L.W. argues that the juvenile court erred in finding probable cause existed for the felony larceny and felony possession of stolen property offenses. Finding K.R.B. controlling, we dismiss J.L.W.'s argument that the juvenile court's finding of probable cause was error.
J.L.W. next argues that the juvenile court's transfer of his misdemeanor charges to the superior court for trial as an adult subjected him to double jeopardy. The juvenile court adjudicated J.L.W. delinquent on the misdemeanor charges and then bound these same misdemeanor charges over to the superior court for J.L.W. to be tried as an adult. J.L.W. contends that since there was an evidentiary hearing where he was adjudicated delinquent on the misdemeanor charges, a trial in the superior court on those same misdemeanor charges violates his constitutional protection from double jeopardy.
"Jeopardy attach[es] when [the juvenile] [is] put to trial before the trier of facts, [... ] that is, when the Juvenile Court, as the trier of the facts, be[gins] to hear evidence." Breed v. Jones, 421 U.S. 519, 531, 95 S.Ct. 1779, 1787, 44 L.Ed.2d 346, 357 (1975) (citations omitted); In re Drakeford, 32 N.C.App. 113, 230 S.E.2d 779 (1977).
Here, the juvenile court heard evidence regarding the misdemeanor charges and adjudicated J.L.W. delinquent. Then, the juvenile court transferred those same charges for trial in the superior court. The binding over for trial in superior court following an adjudicatory hearing on the misdemeanor charges in the juvenile court constitutes double jeopardy, which the State concedes. Breed, 421 U.S. at 541, 95 S.Ct. at 1791-92, 44 L.Ed.2d at 362. The juvenile court's transfer order of the misdemeanor charges is vacated and the case is remanded to the juvenile court for final disposition.
J.L.W. next argues that the juvenile court's transfer of the felony charges to the superior court for trial as an adult was an abuse of discretion given the circumstances surrounding the incident.
We note at the outset that the appeal of a juvenile transfer order is distinguishable from the juvenile court's finding of probable cause. As previously discussed, the finding of probable cause is not immediately appealable. However, "juvenile transfer orders entered by the District Court are final orders within the meaning of [N.C. Gen.Stat. § 7A-666]" and thus are properly before the Court of Appeals for review.[2]State v. T.D.R., 347 N.C. 489, 496, 495 S.E.2d 700, 703 (1998).
Pursuant to N.C. Gen.Stat. § 7A-610[3]:
(a) If probable cause is found and transfer to superior court is not required by G.S. 7A-608, the prosecutor or the juvenile may move that the case be transferred to the superior court for trial as in the case of adults. The judge may proceed to determine whether the needs of the juvenile or the best interest of the State will be served by transfer of the case to superior court for trial as in the case of adults....
N.C. Gen.Stat. § 7A-610(a)(1995)(emphasis added). The transfer of a juvenile's case to superior court is in the sound discretion of the juvenile court. State v. Green, 124 N.C.App. 269, 276, 477 S.E.2d 182, 185 (1996), affirmed, 348 N.C. 588, 502 S.E.2d 819 (1998), cert. denied, 525 U.S. 1111, 119 S.Ct. 883, 142 L.Ed.2d 783 (1999). While the decision to transfer a case to the superior court is addressed to the discretion of the *503 juvenile court, the transfer order must contain the reasons underlying the decision. N.C. Gen.Stat. § 7A-610(c)(1995); State v. Green, 348 N.C. 588, 601, 502 S.E.2d 819, 826 (1998).[4]
J.L.W. contends that the juvenile court's findings failed to take into consideration J.L.W.'s needs, family support, maturity level, level of intellectual functioning, or his rehabilitative potential. Further, the juvenile court's reliance upon J.L.W.'s confession to his involvement in the activity was inaccurate since J.L.W.'s confession concerned the misdemeanor charges and not the felony charges.
In transferring the felonies to superior court, the juvenile court stated:
In this matter, I will enter an order directing that this, these felonies be transferred to the Superior Court Division for disposition. And the basis of that finding are the following considerations: One, the juvenile is fifteen years of age. And secondly, the co-defendant in this matter is 16, 17 years of age. That it is desireable that the disposition of both individuals' cases be done in one court. It's clear from the juvenile's statements to the officer of his culpability and guilt in these matters. Also considering the extraordinary amount of damages to public school property [sic].
Consistent with the juvenile court's ruling, the transfer order stated the following reasons:
1. Juvenile is 15 years of age.
2. Co-defendant in the matter is 17 years of age.
3. It is desirable that BOTH cases be done in one Court.
4. Juvenile admitted guilt to officer.
5. Extent of damage to public school property. ($23,564.97 buses, $785.30 fence)
(Emphasis in original).
In Green, our Supreme Court affirmed the constitutionality of § 7A-610, and stated:
When a juvenile court judge decides transfer meets "the needs of the juvenile or [serves] the best interest of the State," [...] he or she does so with full knowledge of the dispositional alternatives in the juvenile and adult systems. The juvenile court judge seeks to develop a disposition that takes into account the facts of the case, such as the seriousness of the crime, the viciousness of the attack, the injury caused and the strength of the State's case. The juvenile court judge's decision is also guided by the needs and limitations of the juvenile, as well as the strengths and weaknesses of the juvenile's family. Moreover, the juvenile court judge takes into account the protection of public safety and the legislature's growing concern with serious youthful offenders and increasing dissatisfaction with the ability of the juvenile system to provide either adequate public protection or rehabilitative service to the juvenile given the usual short period of time between conviction and release from the juvenile system.
Green, 348 N.C. at 599-600, 502 S.E.2d at 826.
In this case, J.L.W. is charged with a nonviolent offense committed against property, does not have a criminal record, and is learning disabled. His teacher and an investigating officer both stated that J.L.W. had the potential for rehabilitation. Additionally, J.L.W.'s parents were in attendance at the proceeding. However, the juvenile court's transfer order does not reflect that consideration was given to the needs of the juvenile, to his rehabilitative potential, and to the family support he receives. Therefore, the transfer order is deficient in that the juvenile court failed to adequately state reasons as required by N.C. Gen.Stat. § 7A-610 and State v. Green, supra. Thus, the juvenile court abused its discretion in transferring the felony charges to superior court and these charges are remanded to the juvenile court for disposition.
Finally, J.L.W. argues that the juvenile court's finding J.L.W. delinquent on four misdemeanor charges of injury to personal *504 property was error given the lack of sufficient evidence.
Pursuant to N.C. Gen.Stat. § 7A-666:
Upon motion of a proper party as defined in G.S. 7A-667, review of any final order of the court in a juvenile matter under this Article shall be before the Court of Appeals. Notice of appeal shall be given in open court at the time of the hearing or in writing within 10 days after entry of the order. However, if no disposition is made within 60 days after entry of the order, written notice of appeal may be given within 70 days after such entry. A final order shall include:
(3) Any order of disposition after an adjudication that a juvenile is delinquent, undisciplined, abused, neglected, or dependent....
N.C. Gen.Stat. § 7A-666 (1995). "An adjudication of delinquency is not a final order. No appeal may be taken from such order unless no disposition is made within 60 days of the adjudication of delinquency." In re Taylor, 57 N.C.App. 213, 214, 290 S.E.2d 797, 797 (1982).
Here, J.L.W. filed his notice of appeal on 15 October 1998, only ten days after his adjudication and before any disposition had been made. Accordingly, J.L.W.'s appeal regarding the sufficiency of the State's evidence as to four misdemeanor counts is premature and is dismissed. See Taylor, 57 N.C.App. at 214, 290 S.E.2d at 797-98.
In summary, J.L.W.'s appeal of a finding of probable cause on the felony charges is dismissed. The juvenile court's transfer order of the misdemeanor charges is vacated and the case is remanded to the juvenile court for final disposition. The juvenile court's transfer order of the felony charges is vacated and these charges are remanded to the juvenile court for disposition. J.L.W.'s appeal regarding the sufficiency of the evidence as to four misdemeanor charges is dismissed.
Vacated and remanded in part; appeal dismissed in part.
Judge TIMMONS-GOODSON concurs.
Judge GREENE concurs with separate opinion.
GREENE, Judge, concurring.
I agree with the majority that the trial court's felony transfer order must be vacated but for a somewhat different reason. Otherwise, I fully concur with the majority.
The trial court was required to consider the "needs of the juvenile," N.C.G.S. § 7A-610(a) (1995), and the findings do not reveal the court considered all the evidence presented relating to the needs of the juvenile. Without these specific findings of fact, this Court cannot determine whether the order "represent[s] a correct application of the law." See Coble v. Coble, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980).
The same principle applies to the current juvenile transfer statute requiring the trial court, prior to a transfer to the superior court, to consider the "needs of the juvenile" in the context of eight specific factors. N.C.G.S. § 7B-2203(b) (1999). Thus, under section 7B-2203, the trial court is required to enter findings of fact revealing a consideration of any evidence offered with respect to any of the eight factors listed in section 7B-2203(b); however, there is no requirement for the trial court to make "exhaustive findings regarding the evidence presented at the hearing." See Armstrong v. Armstrong, 322 N.C. 396, 405, 368 S.E.2d 595, 600 (1988).
NOTES
[1] Repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-1000 et seq.
[2] Effective 1 July 1999, transfer orders are not appealable to the Court of Appeals and may be appealed to the Superior Court. N.C. Gen.Stat. § 7B-2603.
[3] Repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-2200 et seq.
[4] Effective 1 July 1999, the juvenile court must consider eight enumerated factors pursuant to a transfer hearing and then specify the reasons for transfer if the case is transferred to superior court.