IN THE MATTER OF K.H., (A Juvenile).
No. COA08-528
Court of Appeals of North Carolina
Filed April 7, 2009
This case not for publication
Appellate Defender Staples Hughes, by Assistant Appellate Defender Emily H. Davis, for juvenile-appellant.
Attorney General Roy Cooper, by Assistant Attorney General Chris Z. Sinha, for the State.
ERVIN, Judge.
Juvenile, K.H., appeals an order adjudicating him delinquent on the basis of the commission of a second degree sexual offense. We find no prejudicial error.

Background
Sometime between 15 November 2005 and 31 August 2006 four boys were playing together at one of the boys' homes. The boys in question ranged in age from approximately six to eleven and included J.M., the oldest; K.H., the juvenile; D.J., the victim, who was also the youngest; and K.P. Although their testimony varied in certain respects, the boys generally stated that, while in J.M.'s bedroom, the juvenile placed his penis in the victim's mouth, that the juvenile "peed" in the victim's mouth, and that the victim spit out the "pee." The juvenile also put his penis in the victim's anus.
Months later, the juvenile's great-aunt learned what happened from his sister and cousin. The juvenile's aunt questioned him about the incident. Although the juvenile admitted to having acted in the manner described, he said J.M. made him do it.
On May 24, 2007, the trial court found the juvenile delinquent on the grounds that he had committed a second degree sexual offense. The juvenile noted an appeal from the trial court's adjudication order to this Court.

Issues
The juvenile contends on appeal that 1) the trial court committed prejudicial error by precluding the admission of evidence tending to show that the juvenile acted under duress based on an alleged violation of the notice requirement of N.C. Gen. Stat. § 15A-905(c)(1) and that 2) the trial court lacked jurisdiction to adjudicate the juvenile as delinquent because the petition filed against the juvenile failed to allege that the juvenile engaged in a sexual act. We find no prejudicial error.

Standard of Review
The issue of the applicability of a particular discovery statute in a particular set of circumstances and whether a violation of that discovery statute actually occurred is subject to de novo review. State v. Gillespie, 362 N.C. 150, 154, 655 S.E.2d 355, 358 (2008). Assuming that a violation of the discovery statute occurred, the appropriateness of the resulting sanction, if any, imposed by the trial court is reviewed for an abuse of discretion. State v. Patterson, 335 N.C. 437, 454-455, 439 S.E.2d 578, 588-589 (1994). The extent to which the juvenile petition suffices to give the trial court subject matter jurisdiction over a particular proceeding presents a question of law that is subject to de novo review by this Court. In re K.A.D., 187 N.C. App. 502, 503, 653 S.E.2d 427, 428 (2007).

Discovery Issue
The juvenile contends that the trial court committed reversible error by excluding evidence of duress as a sanction for an alleged violation of N.C. Gen. Stat. § 15A-905(c)(1), which requires a defendant to "[g]ive notice to the State of the intent to offer at trial a defense of . . . duress . . . . within 20 working days after the date the case is set for trial pursuant to [N.C. Gen. Stat. §] 7A-49.4, or such other later time as set by the court." In essence, the juvenile contends that the trial court's ruling erroneously assumed that the notice provisions of N.C. Gen. Stat. § 15A-905(c)(1) apply to juvenile cases and that the trial court's ruling constituted error of constitutional dimension because it precluded him from presenting evidence in support of a valid defense to the offense which underlay the State's effort to have him adjudicated delinquent.
Assuming arguendo that the trial court erred in precluding the juvenile from introducing the evidence in question, that fact, standing alone, would not entitle him to relief on appeal. Instead, this Court may overturn the trial court's adjudication order and remand this case for a new hearing only if the trial court's alleged error was not harmless beyond a reasonable doubt. N.C. Gen. Stat. § 15A-1443(b). In order for the trial court's decision to have prejudiced the juvenile in this case, it must have had the effect of excluding evidence that would, if believed, have tended to support a finding that the juvenile was not delinquent because he acted under duress.
Duress is an affirmative defense which the defendant must prove to the satisfaction of the trier of fact. State v. Gay, 334 N.C. 467, 487, 434 S.E.2d 840, 851 (1993). The Supreme Court has ruled that a successful duress defense must be predicated on a showing that the juvenile's "actions were caused by a reasonable fear that he would suffer immediate death or serious bodily injury if he did not so act." State v. Strickland, 307 N.C. 274, 299, 298 S.E.2d 645, 661 (1983) overruled on other grounds, State v. Johnson, 317 N.C. 193, 202, 344 S.E.2d 775, 781 (1986) (quotation omitted). Here, however, that burden has not been met, since the juvenile failed to elicit evidence tending to show that he had a reasonable fear that he would suffer death or serious bodily injury if he did not engage in the conduct that underlay the delinquency charge lodged against him.
The trial court allowed the juvenile to make an offer of proof setting out the evidence that he intended to present in the absence of the ruling prohibiting the juvenile from attempting to show that he acted under duress. According to the juvenile, J.M. initially made K.P. put his penis in victim's mouth and then made thejuvenile do the same thing. The juvenile feared that J.M. would give him a black eye or badly beat him up if he did not act in accordance with J.M.'s wishes. However, the juvenile also admitted that J.M. had never beaten him up and that J.M. did not threaten to beat him up if he failed to follow J.M.'s instructions. Instead, J.M. stood by the door during the incident and later threatened to beat the juvenile up if he told anyone what happened. J.M. had not hurt either of the boys that the juvenile had seen J.M. "beat up" in the past. Although the juvenile knew that J.M. owned a knife, he did not see the knife in J.M.'s possession at the time of the incident in question and did not think that J.M. would get the knife. Dr. Brad Fisher, an expert psychologist, found that the juvenile had a "depend[e]nt and mild personality;" that J.M. was "older and bigger;" that the juvenile perceived J.M. as a threat; that J.M. told the juvenile to commit act underlying the second degree sex offense charge while blocking the juvenile's only exit; and that the juvenile acted under duress and in fear of J.M. This evidence, when taken in the light most favorable to the juvenile, is simply not sufficient to support a finding that the juvenile committed the act underlying the delinquency charge while subject to a reasonable fear that J.M. would kill or seriously injure him if he did not do as J.M. wished. A viable defense of duress requires both a belief that inaction would have certain specific consequences and that this belief be reasonable. The evidence proffered by the juvenile does not satisfy either prong of this test, since the record is devoid of any evidence tending to show that the juvenile actually believed that J.M. would have killed or seriously injured him if he had refused to put his penis into the victim's mouth or that any such belief would have been reasonable. The trial court's apparent belief that Dr. Fisher's report "yelled out" a duress defense to the contrary notwithstanding, the evidence forecast by the juvenile did not establish that he was entitled to be found not delinquent on the grounds of duress. As a result of the fact that the excluded evidence, even if believed, would not have sufficed to support a valid duress defense, the trial court's error, even if it rose to the level of a constitutional violation, was harmless beyond a reasonable doubt. N.C. Gen. Stat. § 15A-1443(b).

Subject Matter Jurisdiction
The juvenile argues that the trial court lacked jurisdiction to adjudicate him delinquent since the juvenile petition filed against the juvenile failed to allege that he engaged in a "sexual act" and thus violated N.C. Gen. Stat. § 7B-1802, which requires that "[a] petition in which delinquency is alleged shall contain a plain and concise statement, without allegations of an evidentiary nature, asserting facts supporting every element of a criminal offense and the juvenile's commission thereof with sufficient precision clearly to apprise the juvenile of the conduct which is the subject of the allegation." According to the juvenile, the petition is fatally defective because it fails to allege an essential element of the offense of second degree sexual offense as defined in N.C. Gen. Stat. § 14-27.5. "'When a petition is fatally deficient, it is inoperative and fails to evoke the jurisdiction of the court.'" In re B.D.W., 175 N.C. App. 760, 761, 625 S.E.2d 558, 560 (2006) (quoting In re J.F.M. & T.J.B., 168 N.C. App. 143, 150, 607 S.E.2d 304, 309).
N.C. Gen. Stat. § 14-27(a)(1) provides that "[a] person is guilty of a sexual offense in the second degree if the person engaged in a sexual act with another person" "[b]y force and against the will of the other person." The petition issued against the juvenile in this case alleges, in pertinent part, that "on or about the date of offense shown and in the county named above the juvenile unlawfully, willfully, and feloniously, did engage in a sex offense with [D.J.] by force [sic] an[d] against that victim's will."
Ordinarily, a juvenile petition attempting to allege delinquency on the basis of the commission of a second degree sexual offense would have to contain allegations supporting each element of that crime as defined in N.C. Gen. Stat. § 14-27.4(a)(1). However, N.C. Gen. Stat. § 15-144.2(a) provides that, "[i]n indictments for sex offense it is not necessary to allege every matter required to be proved on the trial" and that, instead, "it is sufficient in describing a sex offense to allege that the accused person unlawfully, willfully, and feloniously did engage in a sex offense with the victim, naming the victim, by force and against the will of such victim." The essential effect of the "short form" indictment for sexual offense set out in N.C. Gen. Stat. § 15-144.2(a) is to obviate the necessity for the State toallege the commission of a "sexual act" as defined in N.C. Gen. Stat. § 14-27.1(4).
Although the juvenile candidly acknowledges that "the second degree sex offense petition filed against him uses the language of a short-form sex offense indictment[,]" he vigorously contends that the "short form" indictment authorized in sex offense prosecutions by N.C. Gen. Stat. § 15-144.2(a) is not valid in delinquency proceedings conducted pursuant to N.C. Gen. Stat. § 7B-1500 et seq. because "no provision in the Juvenile Code authorizes short-form petitions." However, this Court held in In re Matter of K.R.B., 134 N.C. App. 328, 331-32, 517 S.E.2d 200, 202 (1999), that a juvenile petition that charged the juvenile with committing first degree murder couched in the language of the short-form homicide indictment statute, N.C. Gen. Stat. § 15-144, sufficed to satisfy the requirements of former N.C. Gen. Stat. § 7A-560 (which, like N.C. Gen. Stat. § 7B-1802, required that a juvenile petition "contain a plain and concise statement, without allegations of an evidentiary nature, asserting facts supporting every element of a criminal offense and the juvenile's commission thereof with sufficient precision clearly to apprise the juvenile of the conduct which is the subject of the allegation"). Although the juvenile argues that the result reached in K.R.B. is inconsistent with the literal language of N.C. Gen. Stat. § 7B-1802 (and, by extension, former N.C. Gen. Stat. § 7A-560), he has not suggested any principled basis for holding that a juvenile petition couched in the language of N.C. Gen. Stat. § 15-144 is effective while a juvenile petition couched in the language of N.C. Gen. Stat. § 15-144.2(a) is not. Furthermore, allowing use of juvenile petitions worded consistently with N.C. Gen. Stat. § 15-144.2 is consistent with the general rule that "juvenile petitions are generally held to the standards of a criminal indictment." In re R.P.M., 172 N.C. App. 782, 787, 616 S.E.2d 627, 631 (2005). See also: In re J.F.M. and T.J.B., 168 N.C. App. 143, 150, 607 S.E.2d 304, 309 (2005), dis. rev. den., 359 N.C. 411, 612 S.E.2d 321 (2005). Thus, the juvenile petition filed against the juvenile properly alleged the commission of a sexual offense, thereby entitling the trial court to exercise jurisdiction over the juvenile. If there was a need for clarification of the particular sexual act which the juvenile is alleged to have committed, the juvenile could have filed a motion for a bill of particulars pursuant to N.C.G.S. 15A-925. In re K.R.B., 134 N.C. App. at 332, 517 S.E.2d at 202.
No prejudicial error.
Judges WYNN and HUNTER, Robert C. concur.
Report per Rule 30(e).