689 S.E.2d 508 (2009)
In the Matter of D.K.L.
No. COA09-357.
Court of Appeals of North Carolina.
December 8, 2009.
*509 Lucas & Ellis, PLLC, Sanford, by Anna S. Lucas, for juvenile-appellant.
Attorney General Roy Cooper, by Assistant Attorney General Jane L. Oliver, for the State.
STEELMAN, Judge.
Because juvenile did not properly give notice of appeal pursuant to N.C. Gen.Stat. § 7B-2602, this Court lacks jurisdiction to review this appeal. Juvenile's appeal is dismissed.

I. Factual and Procedural Background
On 2 July 2008, the State filed four separate petitions alleging that D.K.L. (juvenile) was a delinquent juvenile in that he had committed: two counts of misdemeanor wrongfully breaking or entering a building in violation of N.C. Gen.Stat. § 14-54(b); two counts of felonious breaking or entering a building with the intent to commit a felony or larceny in violation of N.C. Gen.Stat. § 14-54(a); and two counts of felonious larceny pursuant to felonious breaking and entering in violation of N.C. Gen.Stat. § 14-72(b)(2). On 10 September 2008, the juvenile court found that juvenile had committed all the alleged offenses and adjudicated juvenile delinquent.
At the 15 October 2008 dispositional hearing, the juvenile court did not enter a final order but only specified the conditions for juvenile's release from detention, including that he abide by his parents' rules, that he remain enrolled in school, and that he abide by a curfew from 8:00 p.m. to 6:00 a.m. The juvenile court did not address the issues of placement in a wilderness program, restitution, or probation. At the beginning of the hearing, juvenile's counsel informed the court that while he conceded the recommendations for disposition were reasonable, he objected to disposition, and juvenile intended to appeal from the adjudication of delinquency. At the conclusion of the dispositional hearing, juvenile gave notice of appeal in open court. Appellate entries were filed that same day.
On 26 November 2008, the juvenile court filed its disposition order, entering a Level 2 disposition requiring the juvenile to cooperate with placement in a wilderness program, to pay restitution, and placing him on probation.
Juvenile appeals.

II. Notice of Appeal
"It is well established that `[f]ailure to give timely notice of appeal . . . is jurisdictional, and an untimely attempt to appeal must be dismissed.'" In re A.L., 166 N.C.App. 276, 277, 601 S.E.2d 538, 538 (2004) (quoting In re Lynette H., 323 N.C. 598, 602, 374 S.E.2d 272, 274 (1988)).
N.C. Gen.Stat. § 7B-2602 authorizes the appeal of any final order in a juvenile matter. The statute provides that notice of appeal must be entered either "in open court at the time of the hearing or in writing within 10 days after entry of the order." N.C. Gen.Stat. § 7B-2602 (2007). Final orders shall include:
(1) Any order finding absence of jurisdiction;

*510 (2) Any order which in effect determines the action and prevents a judgment from which appeal might be taken;
(3) Any order of disposition after an adjudication that a juvenile is delinquent or undisciplined; or
(4) Any order modifying custodial rights.
Id. An adjudication of delinquency is not a final order. In re J.L.W., 136 N.C.App. 596, 602, 525 S.E.2d 500, 504 (2000) (quoting In re Taylor, 57 N.C.App. 213, 214, 290 S.E.2d 797, 797 (1982)).[1] Thus, we examine juvenile's notice of appeal in open court at the conclusion of the disposition hearing on 15 October 2008.
While N.C. Gen.Stat. § 7B-2602 permits oral notice of appeal at the hearing, the statute only provides for appellate review upon any "final order." Thus, it "appears that oral notice of appeal given at the time of the hearing must be from a final order." In re Hawkins, 120 N.C.App. 585, 587, 463 S.E.2d 268, 270 (1995)[2]. In Hawkins, respondent-mother gave notice of appeal in open court at the conclusion of a hearing on a petition alleging abuse, neglect, and dependency of a minor child. Id. at 586-87, 463 S.E.2d at 269-70. At the time of the hearing, the trial court found "that there is evidence that the child is abused and neglected," but made no reference to the dependency allegation. Id. at 587, 463 S.E.2d at 270. This Court held that, because the trial court had not ruled on all matters raised in the petition, the trial court had not rendered a final order at the time of the hearing, thus respondent-mother's oral notice of appeal was premature. Id.
In the instant case, the juvenile court had not rendered a final order at the time of the dispositional hearing because it had not ruled on all recommendations for disposition and did not address all matters included in the written order. At the hearing, the juvenile court only issued an order setting the conditions for juvenile's release from detention. Juvenile's counsel asked, "Judge, just so I can clarify, the payment of restitution, the placing him on probation, the referral to Eckerd Camp, obviously, those could not be imposed as conditions." The court responded, "Not at this point." The juvenile court's written order, filed on 26 November 2008, ordered juvenile to be placed in a wilderness program, to pay restitution, and to be placed on probation. Juvenile filed no notice of appeal after the juvenile court's final written order.
Accordingly, we conclude that juvenile's notice of appeal, given in open court prior to the entry of the juvenile court's final written order, was not a timely notice of appeal. Because we hold that the juvenile failed to give proper notice of appeal, we dismiss this appeal and do not review juvenile's arguments.
DISMISSED.
Judges McGEE and JACKSON concur.
NOTES
[1] At the time In re J.L.W. and In re Taylor were decided, the statute in effect was N.C. Gen.Stat. § 7B-666, which was repealed by 1998 N.C. Sess. Laws 202, § 5. The current statute, N.C. Gen.Stat. § 7B-2602, was added by 1998 N.C. Sess. Laws 202, § 6. The session laws took effect on 1 July 1999, and the wording of the two statutes are virtually identical.
[2] At the time In re Hawkins was decided, N.C. Gen.Stat. § 7B-666 was still in effect.